IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION: 3:20-cv-00381 |
| v. | ) ) | C O M P L A I N T |
| RED ROOF INNS, INC | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Wesley Derby ("Derby").

As alleged with greater particularity in paragraphs 13 through 29 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Red Roof Inns, Inc. ("Defendant Employer") violated the ADA when it failed to accommodate Derby, a qualified individual with a disability, in his attempt to learn more about and compete for a promotion and summarily denied him the promotion.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as

amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio.

**PARTIES**

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been a Delaware Corporation, doing business in the State of Ohio and the City of Springfield and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. On June 21, 2018, more than thirty days prior to the institution of this lawsuit, Derby filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8. On March 20, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communication with Defendant Employer to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On June 10, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. In or about May 2018, Defendant Employer engaged in unlawful employment practices at its corporate Contact Center in Springfield, OH in violation of Sections 102(a), 102(b)(1), 102(b)(2), and 102(b)(5)(A) and (B) of Title I of the ADA, 42 U.S.C. § 12112.

14. During the relevant time, Derby was a qualified individual with a disability. Derby worked as a Guest Relations Specialist for Defendant Employer, reporting to their corporate Contact Center.

15. Derby is visually impaired and worked from home with the aid of the Jobs Access with Speech (JAWS) system.

16. On or about May 2, 2018, Defendant Employer apprised its employees of the opportunity for a promotion to Property Connectivity Coordinator with the Online Connectivity Team. Employees interested in this position were invited to submit applications and attend an Online Connectivity Information Seminar where employees could get a better understanding of the position.

17. On or about May 2, 2018, Derby sent an email to Defendant Employer requesting a reasonable accommodation to attend the seminar via Skype or any remote method and expressing his interest in possibly applying for the Property Connectivity Coordinator position.

18. On or about May 3, 2018, Cheryl Eichelberger, Online Connectivity Supervisor for Defendant Employer, emailed Derby in response, telling him they were unwilling to accommodate him by offering the seminar through Skype because they "would like to get the bugs worked out before we offer it via Skype".

19. Ms. Eichelberger also told Derby "the systems that we work with do not integrate with the JAWS system, so we are not able to accommodate as far as hiring … I just don't want you to waste your time if you were looking to

4

apply."

20. Defendant Employer never discussed or explored alternatives to allow for Derby to participate in the Online Connectivity Information Seminar.

21. Defendant Employer never discussed or explored alternatives to allow for Derby to compete for the Property Connectivity Coordinator position.

22. Based on Defendant Employer's correspondence, Derby did not participate in the informational seminar and did not submit a formal application for the position, despite his interest in it.

23. Based on Eichelberger's May 3, 2018 email that Defendant Employer "was not able to accommodate" Derby, it would have been futile for Derby to apply for the position of Property Connectivity Coordinator.

24. Derby was fully qualified for the Property Connectivity Coordinator position had an accommodation been provided.

25. In or about May 30, 2018, Defendant Employer hired a non-visually impaired Guest Relations Specialist as the Property Connectivity Coordinator.

26. Defendant Employer was aware of Derby's disability and failed to accommodate Derby to allow for his participation in the information seminar.

27. Defendant Employer was aware of Derby's disability and failed to accommodate Derby to allow for his participation in the application process for the promotion.

28. Defendant Employer was aware of Derby's disability and need for reasonable accommodations and failed to engage in the interactive process.

29. Defendant Employer denied Derby the promotion because of his disability and need for accommodation.

30. The effect of the practices complained of in paragraphs 13 through 29 above, has been to deprive Derby of equal employment opportunities and otherwise adversely affect his status as an employee and/or applicant for a promotion because of his disability.

31. The unlawful employment practices complained of in paragraphs 13 through 29 above, were intentional.

32. The unlawful employment practices complained of in paragraphs 13 through 29 above, were done with malice or with reckless indifference to the federally protected rights of Derby.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to accommodate its qualified employees with disabilities to allow them to attend the same meetings available to non-disabled employees.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to provide a reasonable accommodation to the known disabilities of its employees to allow them to compete for the same promotional opportunities as non-disabled employees.

C.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to engage in the interactive process to accommodate the known disabilities of its employees.

D.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities , and which eradicate the effects of its past and present unlawful employment practices.

F.  Order Defendant Employer to make whole Derby by providing back pay with interest and compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 29, above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Derby punitive damages for their malicious and reckless conduct, as described in paragraph 13 through 29 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

7

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Washington, D.C.

KENNETH L. BIRD,
Regional Attorney

NANCY DEAN EDMONDS,
Supervisory Trial Attorney

/s/Alessandra M. Rosa
ALESSANDRA M. ROSA
Trial Attorney, IN Bar No. 35133-29


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
alessandra.rosa@eeoc.gov
Tel. (463) 999-1181