# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00381<br><br>Hon. Thomas M. Rose |

## DEFENDANT RED ROOF INNS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The EEOC attempts to compel many documents that it is not entitled to, and many documents that do not exist. Red Roof is only able, and required, to produce non-privileged documents which Red Roof possesses. Red Roof cannot generate documents or information which do not exist, and which are not in its possession.

With that said, Red Roof has worked diligently with its internal departments to organize, locate, and produce non-privileged documentation referenced in Plaintiff's Motion to Compel. Red Roof does not dispute that Plaintiff is entitled to many of the documents referenced in the Motion to Compel. Counsel for Red Roof recently received additional personnel files, documentation related to a contract with Goodwill Easterseals, and has conducted additional IT searches to locate additional, responsive email correspondence. Red Roof is in the process of completing its review of the newly received, responsive documentation and will produce the documentation as soon as review is complete.

The background concerning Plaintiff's motion is effectively undisputed and Red Roof will not rehash the facts. Rather, Red Roof will address each category of documents referenced in Plaintiff's Motion to Compel.

## I.　Requests No. 6, 10, 11 – Communications regarding the Charging Party and the Property Connectivity Coordinator Position.

Plaintiff's stated basis for this portion of its motion to compel now appears to be testimony from Cheryl Eichelberger that an additional email may exist which would be responsive to these requests. Ms. Eichelberger is a former Red Roof employee and was testifying as to events that occurred four years ago.

Plaintiff has not identified specifically what e-mail exists that it believes has not been produced. Plaintiff's Motion to Compel is the first time defense counsel has heard that the EEOC has an additional discovery request concerning Ms. Eichelberger's testimony on January 10, 2022.

As to what e-mails the EEOC believes are missing from Cheryl Eichelberger, Red Roof is simply at a loss as to what the Commission seeks.

In its third discovery deficiency letter dated January 27, 2022, Plaintiff requested communications involving Jennifer Wayman. Red Roof has conducted additional IT email searches which revealed email correspondence involving Jennifer Wayman. Counsel is reviewing and will supplement its production pertaining to Jennifer Wayman.

## II.　Request 9 – Personnel Files of Other Red Roof Current and Former Employees

Red Roof already produced the personnel file for Elizabeth Shepherd. The EEOC contends it is not complete simply because information regarding pay was not contained in her personnel file. However, this is incorrect. Pay information is not included in personnel files for Red Roof employees and is maintained by a separate department. Regardless, Red Roof will produce information regarding Ms. Shepherd's pay that is not contained in her personnel file.

Similarly, Wesley Derby's personnel file was already produced. In addition, Red Roof produced all e-mail communications related to Mr. Derby's performance.

Red Roof will produce the personnel files for Cheryl Eichelberger and Jennifer Wayman.

### III. Request 19 – Improper request for communication during settlement negotiations

Plaintiff's next request focuses on confidential information exchanged during the mediation process. Defense counsel hesitates to violate the agreed-upon confidentiality of the mediation process, or Fed. R. 408. The document in question was transmitted to the EEOC's counsel in an attempt to satisfy the EEOC's settlement demand concerning the implementation of policies and procedures regarding the "reasonable accommodation" process.

Red Roof, however, will supplement its previous response to the extent not produced.

### IV. Request 22, 23, 26 – Documentation Supporting Defendant's Affirmative Defenses and Statements in Answer

Red Roof has produced all documentation in its possession responsive to these requests. Plaintiff asserts Red Roof "has not indicated whether it is withholding responsive documents." To clarify, Red Roof is not withholding responsive documents to these requests.

### V. Request 30 and 31 – Documents related to Receipt of Tax Benefits

Red Roof is uncertain whether such documentation exists. Red Roof continues to investigate where such documentation would be retained, if any exists.

### VI. Request 18 - documents reflecting contracts or agreements between Defendant and Jennifer Lauber and/or Goodwill Easterseals of Miami Valley

Red Roof is in possession, and has produced a contract with Goodwill Easterseals from 2020-2021. Red Roof is in the process of determining whether additional contracts existed.

### VII. Request 20 – Communications with retained expert, Dr. Tudela

As a preliminary matter, Red Roof is in the process of completing a privilege log concerning attorney-expert communications with Dr. Tudela which it will provide to the Commission. The privilege log may address some of Plaintiff's stated concerns, however, Plaintiff attempts to mischaracterize the documentation it requests.

Fed. R. Civ. P. 26(b)(4)(C) protects from disclosure certain information related to an expert witness who may testify at trial. Such protection from disclosure encompasses drafts of the expert's report, as well as communications between the attorney and the expert witness. *Doe v. Hamilton Cty. Bd. of Educ.*, 2018 U.S. Dist. LEXIS 11117, 2018 WL 542971.

Specifically, Rule 26(b)(4)(C) addresses communications between an expert and attorney. Such communications "between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication" are protected from disclosure except to the extent the communications: "(i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Rule 26(b)(2)(C)(i)-(iii). Under the federal rules, then, email communications between the expert and attorney are not discoverable, provided the email communication does not fit within one of the three exceptions (compensation, facts or data considered, or relied-upon assumptions).

Further, the Advisory Committee Notes related to Rule 26(b)(4) state that the attorney-expert communication protection is included in the Civil Rules "to provide work-product protection against discovery regarding draft expert disclosures or reports and − with three specific exceptions − communications between expert witnesses and counsel."

Red Roof has already provided all communications concerning compensation. Similarly, Red Roof has already produced "communications identifying facts and or data considered in forming opinions," which included an email correspondence documenting a list of websites and a job description for the Property Connectivity Coordinator position. These was the only "facts and data" considered by Dr. Tudela before preparing his report. As referenced in Dr. Tudela's report, his opinions are primarily based on his professional training and experience, and his experience

and familiarity with the Red Roof computer systems he obtained in his role as a JAWS scripting for Red Roof over the past 9 years.

The requested communications, which plaintiff argues fit in the privilege exemption for "communications related to facts or data provided the expert," is simply a mischaracterization of the document. Mr. Tudela provided his opinions concerning the lawsuit to counsel for Red Roof over a number of phone calls and virtual meetings. The draft reports, which plaintiff attempts to characterize as "facts provided to the expert," were the result of those phone calls and meetings. As is typical with any other case, Dr. Tudela and counsel for Red Roof exchanged draft reports, which are specifically protected from disclosure by the Civil Rules.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)
Andrew J. Weber (0093055)
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
250 East Fifth Street, Suite 2000
Cincinnati, Ohio 45202
kate.kennedy@lewisbrisbois.com
andrew.weber@lewisbrisbois.com
Phone: 513.808.9911 / Fax: 513.808.9912
*Attorney for Defendant,*
*Red Roof Inns, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2022, I electronically filed the foregoing document via the court's CM/ECF system and served the foregoing upon:

Sarah Doty
Alysia Robben
Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204-4239
Direct Dial: (463) 999-1181 / Fax: (317) 226-5571
Email: sarah.doty@eeoc.gov
       alysia.robben@eeoc.gov
*Attorney for Plaintiff*
*Equal Employment Opportunity Commission*

                                    */s/ Katherine L. Kennedy*
                                    Katherine L. Kennedy (0079566)