UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> RED ROOF INNS, INC., <br><br> Defendant. | Case No. 3:20-cv-00381 <br><br> District Judge Thomas M. Rose <br> Magistrate Judge Caroline H. Gentry |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 44). Plaintiff seeks to compel Defendant to produce documents in response to its First Request for Production of Documents, Nos. 6, 9, 10, 11, 19, 20, 22, 23, 26, 29, 30 and 31. This Court ordered expedited briefing and held a hearing on the Motion. For the reasons set forth below, Plaintiffs' Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

### I. LEGAL STANDARD

Rule 37(a) of the Federal Rules of Civil Procedure permits parties to move for an order compelling the disclosure of discovery responses, including an order compelling the production of requested documents that have not been produced by the responding party. A discovery response that is incomplete is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). The losing party may be assessed attorneys' fees incurred in relation to the motion. Fed. R. Civ. P. 37(a)(5).

1

## II. ANALYSIS

Plaintiff seeks to compel Defendant to produce documents in response to its First Request for Production of Documents, Nos. 6, 9, 10, 11, 19, 20, 22, 23, 26, 29, 30 and 31. The Court rules on each of these requests as follows:

> Nos. 6, 10 & 11 (all documents and communications relating to the Charging Party, his EEOC complaint, Defendant's investigation, the Property Connectivity Coordinator position, and/or the informational seminar). Defendant admits that it has not yet produced responsive and non-privileged documents consisting of emails involving Jennifer Wayman. Plaintiff's Motion is **GRANTED** with respect to these requests. Defendant is **ORDERED** to produce these documents no later than March 9, 2022.
>
> No. 9 (personnel files of Cheryl Eichelberger and Jennifer Wayman, and an unredacted personnel file of Elizabeth Shepherd). Defendant admits that it has not yet produced responsive and non-privileged documents. Plaintiff's Motion is **GRANTED** with respect to this request. Defendant is **ORDERED** to produce these documents no later than March 9, 2022.
>
> No. 19 (policies and/or procedures relating to workplace discrimination). Defendant admits that it has not yet produced responsive and non-privileged documents. Plaintiff's Motion is **GRANTED** with respect to this request. Defendant is **ORDERED** to produce these documents no later than March 9, 2022.
>
> No. 20 (expert witness documents and communications). Defendant asserts that it has produced all responsive and non-privileged documents but concedes that it has not yet provided a privilege log that describes each responsive document that is being withheld on the grounds of privilege. Plaintiff's Motion is **GRANTED** with respect to this request. Defendant is **ORDERED** to provide a privilege log no later than March 9, 2022.
>
> Nos. 22, 23 & 26 (documents supporting Defendant's affirmative defenses and statements that the Charging Party was not a qualified individual with a disability and was not fully qualified for the position at issue). Defendant asserts that it has produced all responsive and non-privileged documents. However, it has also objected to producing documents based on privilege, without producing a privilege log. Accordingly, Plaintiff's Motion is **GRANTED** with respect to these requests. Defendant is **ORDERED** to provide a privilege log no later than March 9, 2022.

2

No. 29 (other visually impaired or blind employees). Plaintiff has withdrawn its Motion to Compel with respect to this request. Therefore, Plaintiff's Motion is **DENIED** with respect to this request.

Nos. 30 & 31 (tax benefits or credits based on recruiting or employing individuals with disabilities). Defendant is continuing to investigate whether responsive documents exist. Therefore, Plaintiff's Motion is **GRANTED** with respect to these requests. Defendant is **ORDERED** to provide responsive and non-privileged documents, or confirm in writing that no such documents exist, no later than March 9, 2022.

Time is of the essence with respect to production of the privilege log, given that the discovery cutoff is March 7, 2022 and the summary judgment deadline is March 15, 2022. Accordingly, Plaintiff is **ORDERED** to identify any privilege log entries that it wishes to challenge by noon on March 10, 2022. Further, Defendant is **ORDERED** to submit the documents relating to any such privilege log entries to the Court under seal for *in camera* review no later than noon on March 11, 2022.

**IT IS SO ORDERED**.

Caroline H. Gentry
United States Magistrate Judge