UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 3:20-cv-00381 |
| Plaintiff, | District Judge Thomas M. Rose<br>Magistrate Judge Caroline H. Gentry |
| vs. | |
| RED ROOF INNS, INC., | |
| Defendant. | |

# OPINION

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 44). The Court previously ordered Defendant to produce documents and a privilege log (Doc. No. 48). After reviewing the privilege log, Plaintiff requested an *in camera* review of forty-three documents that Defendant claims are shielded from discovery because of the attorney-client privilege, the work product privilege, or both.

This Court has conducted its review and concludes that some of the documents do not appear to be privileged. However, given the expedited procedures surrounding the Motion to Compel, the Court will give the Defendant an opportunity to provide evidence supporting its assertions of work product privilege—and the Plaintiff an opportunity to demonstrate substantial need and undue hardship—before it makes its final determination regarding these documents. The Motion to Compel will be denied with respect to the remaining documents.

1

I.     **LEGAL STANDARD**

    A. **Attorney-Client Privilege**

The attorney-client privilege "ensure[s] free and open communications between a client and his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006). This Court uses an eight-factor test to determine whether the privilege applies: "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). "[A]n attorney's statements to a client can also fall within the privilege if that communication would reveal client confidences or legal advice." *U.S. v. Sadler*, 24 F.4th 515 (6th Cir. 2022). However, communications from an attorney that simply convey facts acquired from other sources are not protected by the attorney-client privilege. *Id*.

    B. **Attorney-Expert Privilege**

Communications between an attorney and her client's retained expert witness who may testify at trial are often privileged from disclosure. For example, draft reports are not discoverable. Fed. R. Civ. P. 26(b)(4)(B). Further, attorney-expert communications are only discoverable to the extent that they: "(i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions

that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C).

### C. Work Product Privilege

The purpose of the work product privilege is to "protect[] an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947)). It is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides in part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

A multi-step process applies when assessing claims of work product privilege. The party requesting disclosure bears the initial burden of demonstrating relevance and the absence of privilege. *Toledo Edison Co. v. GA Technologies, Inc.*, 847 F.2d 335, 339 (6th Cir. 1988). If that burden is met, then the party objecting to disclosure bears the burden of proving that the documents were created in anticipation of litigation. It may meet its burden by submitting affidavits, depositions or answers to interrogatories. *Id*. Absent such evidence, the documents may be ordered to be disclosed. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 382 (6th Cir. 2009). If the objecting party meets its burden,

3

then the requesting party bears the burden of demonstrating substantial need and undue hardship. *Id*. at 339-40. If the requesting party meets its burden and the Court orders the disclosure of materials protected by the work product privilege, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The applicability of the work product privilege often turns on whether a document was prepared in anticipation of litigation. The Court must ask: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *U.S. v. Roxworthy*, 457 F.3d 590, 594, 597 (6th Cir. 2006). The Sixth Circuit requires district courts to assess the "driving force behind the preparation" of a document, since documents created for non-litigation purposes are not privileged regardless of their content. *Id*. at 595. However, documents prepared for both litigation and non-litigation purposes will be protected by the work product privilege. *Id*. at 598.

## II.     FACTS AND ANALYSIS

The forty-three documents at issue can be grouped into eight categories. Each category is described and addressed below.

### A. Emails between Defendant's attorneys and Defendant's expert

Fourteen documents consist of email communications between Defendant's counsel and Defendant's expert, Mark Tudela, regarding the drafting of Mr. Tudela's report. Defendant asserts the attorney-client privilege and the work product privilege.

4

The Court concludes that these documents are privileged pursuant to Rule 26(4)(C) because they do not relate either to the expert's compensation or to the facts, data or assumptions provided by the attorney to the expert. They are therefore not discoverable and the Motion to Compel will be DENIED as to these documents.

### B. Emails between Defendant's insurer and Defendant's employees

One document consists of email communications between a representative of Defendant's third-party insurance carrier and one of Defendant's employees. Four documents consist of email communications between two of Defendant's employees regarding the insurance representative's initial email. No attorney is copied on the communications. Defendant asserts the work product privilege.

The basis for the assertion of work product privilege is unclear. However, the substance of the communications is not relevant to the claims and defenses in this lawsuit. Therefore, the Court's analysis need not proceed past the first step of the multi-step process. The Motion to Compel will be DENIED as to these documents.

### C. Employee emails that comment on emails with Defendant's attorneys

Six documents include email communications between Defendant's employees and Defendant's attorneys. At the beginning of each document (and, therefore, at the end of the email string in each document), two employees communicate with each other about the substance of the attorney-client communications, without copying the attorneys. Defendant asserts the attorney-client privilege and the work product privilege.

These documents reflect both attorney-client communications and work product and so are privileged. The Motion to Compel will be DENIED as to these documents.

### D. Employee emails that discuss scheduling a call with Defendant's attorneys

Three documents consist of email communications between two of Defendant's employees on the subject of scheduling a call with Defendant's attorneys. No attorney is copied on the communications. Defendant asserts the work product privilege.

The basis for the assertion of work product privilege is unclear. However, the substance of the communications is not relevant to the claims and defenses in this lawsuit. Therefore, the Court's analysis need not proceed past the first step of the multi-step process. The Motion to Compel will be DENIED as to these documents.

### E. Employee email that seeks information requested by Defendant's attorneys

One document consists of an email communication from one of Defendant's employees to four other employees seeking information requested by Defendant's attorneys. No attorney is copied on the communication. Defendant asserts the work product privilege.

The substance of the communication contains information relevant to the claims and defenses in this lawsuit. Based on the face of the document, the work product privilege plainly applies. Under the multi-step process, Plaintiff would need to make a showing of substantial need and undue hardship to obtain the document. However, even if Plaintiff were to make such a showing, the Court could not order disclosure of the document because the entire communication reveals the thought processes of Defendant's attorneys. Therefore, the Motion to Compel will be DENIED as to this document.

### F. Employee emails that seek information related to Plaintiff's allegations

Four documents consist of email communications among three of Defendant's employees that include (and respond to) one of the employee's requests for additional information related to Plaintiff's allegations in this case. The documents do not, on their face, state that the information sought had been requested by Defendant's attorneys. No attorney is copied on the communications. Defendant asserts the attorney-client privilege and the work product privilege.

The substance of the communications is relevant to the claims and defenses in this case. The basis for the assertion of work product privilege is unclear. Therefore, the Court will give Defendant the opportunity to submit a supplement brief that includes evidence (e.g., a declaration) that supports its claim of privilege. The Court will also give Plaintiff an opportunity to submit a response to Defendant's supplemental brief that addresses Defendant's arguments and, if deemed appropriate, includes support for any assertion of substantial need and undue hardship.

### G. Employee emails discussing Plaintiff's Position Interest form

Six documents consist of email communications between two of Defendant's employees regarding Plaintiff's submission of a Position Interest form. No attorney is copied on the communications. Defendant asserts the work product privilege.

The substance of the communications is relevant to the claims and defenses in this case. The basis for the assertion of work product privilege is unclear. Therefore, the Court will give Defendant the opportunity to submit a supplement brief that includes evidence (e.g., a declaration) that supports its claim of privilege. The Court will also give

Plaintiff an opportunity to submit a response to Defendant's supplemental brief that addresses Defendant's arguments and, if deemed appropriate, includes support for any assertion of substantial need and undue hardship.

### H. <u>Employee emails discussing the termination of Plaintiff's employment</u>

Four documents consist of email communications between two of Defendant's employees regarding Defendant's termination of Plaintiff's employment. No attorney is copied on the communications. Defendant asserts the work product privilege.

The substance of the communications is relevant to the claims and defenses in this case. The basis for the assertion of work product privilege is unclear. Therefore, the Court will give Defendant the opportunity to submit a supplement brief that includes evidence (e.g., a declaration) that supports the claim of privilege. The Court will also give Plaintiff an opportunity to submit a response to Defendant's supplemental brief that addresses Defendant's arguments and, if deemed appropriate, includes support for any assertion of substantial need and undue hardship.

### III. CONCLUSION

For the reasons set forth above, the Defendant is granted leave to file, within two weeks from the date of this Opinion and Order, a supplemental brief supporting its claims of work product privilege for the fourteen documents described above. Plaintiff is granted leave to file, within two weeks from the date of Defendant's supplemental brief, a brief in response that includes, if deemed appropriate, support for any claim(s) of substantial need and undue hardship. Defendant is granted leave to file a reply brief within two weeks from the date of Plaintiff's response brief. After submission of these briefs, the Court will rule on the Motion to Compel.

       */s/ Caroline H. Gentry*
       Caroline H. Gentry
       United States Magistrate Judge