**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                          Case No.: 3:20-cv-00381

                        Plaintiff,                  Hon. Thomas M. Rose

v.

RED ROOF INNS, INC.,

                        Defendant.

### DEFENDANT RED ROOF INNS, INC.'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant submits that the fourteen correspondence referenced in the Court's Order were created in anticipation of litigation and are entitled to work product protection.

All of the email correspondence referenced in the Court's Order were exchanged after Mr. Derby submitted his original charge with the EEOC on June 16, 2018. All of the email correspondence were exchanged after Defendant retained outside counsel, in anticipation of litigation. Additionally, all of the correspondence reference and relate to Mr. Derby's EEOC charge, the handling of his employment in light of anticipated litigation following the EEOC charge, information related specifically to Mr. Derby's EEOC's charge itself and anticipated litigation, or were communications discussing or at the direction of retained outside counsel in response to anticipated litigation.

As acknowledged in the Court's Order, the applicability of the work product privilege often turns on whether a document was prepared in anticipation of litigation. The Court must ask: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with ordinary business purpose, and (2) whether that subjective anticipation of litigation

was objectively reasonable." *U.S. v. Roxworthy*, 457 F.3d 590, 594, 597 (6th Cir. 2006). The Sixth Circuit requires district courts to assess the "driving force behind the preparation" of a document, since documents created for non-litigation purposes are not privileged regardless of their content. *Id.* at 595. However, documents prepared for both litigation and non-litigation purposes will be protected by the work product privilege. Id. at 598.

Here, none of the emails referenced in the Court's Order can be deemed to have been created as part of the "ordinary course of business." The emails were created either, at the direction of retained counsel for the Defendant or, when viewed in context with other email correspondence, where created in anticipation of litigation.

## I.     Employee emails that seek information related to Mr. Derby's allegations.

Four documents referenced in the Court's Order consist of email communications between Defendants' employees that include requests for information related to Mr. Derby's case and EEOC charge.

The emails, when viewed in the context of other correspondence during the same time period, which this Court has already deemed privileged, show that the information being requested and provided was being done at the direction of retained counsel for Red Roof. Specifically, during the time period of the email exchange, the Court has already determined an email just two days prior to the emails in question was privileged as it included reference to counsel for Red Roof and involved requested information. The same holds true for the four documents referenced in the Court's Order.

Mr. Derby filed his initial charge on or about June 16, 2018. In connection with its investigation of Mr. Derby's original charge, the EEOC submitted a Request for Information, seeking specific information regarding the case. RRI responded to this Request for Information on or about August 13, 2018, shortly after the e-mail communications at issue were sent. RRI's

response to the Requests for Information includes the information discussed in the email communications and was collected at the direction of RRI attorneys retained in response to Mr. Derby's EEOC charge.

The information which is the subject of the email communications includes information directly requested by RRI's attorneys in response to the EEOC's Request for Information. Specifically, these emails were generated in response to RRI's attorneys preparation of Response to the EEOC's Request for Information in connection with Mr. Derby's Charge of Discrimination.

The emails were exchanged after the EEOC's investigation was underway, during the pendency of Mr. Derby's EEOC discrimination charge against Defendant, and these emails were specifically responding the formal requests from the EEOC in connection with anticipated litigation. For these reasons, the email communications are entitled to work product protection.

## II.   <u>Employee Emails Discussing Mr. Derby's Position Interest Form</u>

Several months after Mr. Derby filed his charge, and while it was still pending and under investigation with the EEOC, Mr. Derby submitted a Position Interest Form for the exact same position at issue in the case.  The Red Roof employees discussed that Mr. Derby had submitted a Position Interest Form, and then in following e-mails (previously submitted via in camera to the Court), discussed contact with outside counsel, Christian Novay, for guidance concerning the receipt of the internal Position interest Form.

Specifically, the email chain, when viewed in its entirety, references contact with Christian Novay on how to proceed and references guidance requested from outside counsel. The email exchange evidencing contact with outside counsel for guidance, which has already been deemed protected by this court, occurs <u>*one day*</u> after the email exchange at issue.

The employees were clearly aware that a charge was already pending, and that they needed to contact counsel for guidance. Indeed, the email exchange demonstrates the employees did, in

fact, contact outside counsel for guidance. The employees were certainly, at a minimum, anticipating litigation, evidenced by the recognition of Mr. Derby's pending EEOC charge and the employees' recognition of the need to contact counsel for guidance. The email exchange cannot be viewed as part of the "ordinary course of business," as it is not "*ordinary*" to contact outside legal counsel in response to receiving an internal Position Interest Form.

The email exchange demonstrates the employees (1) recognized the sensitivity of the situation, (2) recognized the need for guidance from outside counsel concerning how to handle an internal Position Interest Form, and (3) anticipated litigation.

### III.    **Employee Emails Discussing Mr. Derby's Termination**

These emails consist of one employee contacting her supervisor to discuss a situation regarding Mr. Derby's pending termination.  At the time of the email exchange there was already an EEOC charge pending and, potentially, another charge would be filed.  In fact, Mr. Derby subsequently filed a second charge of discrimination with the EEOC regarding his termination.

The employees recognize the delicacy and sensitivity of Mr. Derby's employment situation given the pending EEOC change and their correspondence evidences litigation is anticipated in light of Mr. Derby's EEOC charge and the ongoing EEOC investigation. Because the emails were generated in anticipation of litigation, the correspondence are entitled to work product protection.

Respectfully submitted,

/s/ Katherine L.  Kennedy
Katherine L. Kennedy (0079566)
Andrew J. Weber  (0093055)
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
250 East Fifth Street, Suite 2000
Cincinnati, Ohio 45202
kate.kennedy@lewisbrisbois.com
andrew.weber@lewisbrisbois.com
Phone:  513.808.9911 / Fax: 513.808.9912
*Attorney for Defendant,*
*Red Roof Inns, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2022, I electronically filed the foregoing document via the court's CM/ECF system and served the foregoing upon:

Aimee L. McFerren
Alysia Robben
Equal Employment Opportunity Commission
Louisville Area Office
600 Dr. Martin Luther King Jr. Place, Suite 268
Direct Dial: (502) 694-3976
Fax: (502) 582-5435
aimee.mcferren@eeoc.gov
alysia.robben@eeoc.gov
*Attorney for Plaintiff*
*Equal Employment Opportunity Commission*

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)