# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 3:20-cv-00381 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| RED ROOF INNS, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 44). The Court previously ordered Defendant to produce documents and a privilege log (Doc. No. 48). After reviewing the privilege log, Plaintiff asked the Court to conduct an *in camera* review of forty-three documents on the log. The Court conducted that review, held that certain documents were privileged, and ordered briefing with respect to other documents. (Doc. No. 55). The Court now issues its ruling regarding those documents.

**I.    LEGAL STANDARD**

Defendant claims that the remaining documents are protected from discovery by the work product privilege. The purpose of the work product privilege is to "protect[] an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947)). It is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides in part:

1

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

A multi-step process applies when assessing claims of work product privilege. The party requesting disclosure bears the initial burden of demonstrating relevance and the absence of privilege. *Toledo Edison Co. v. GA Technologies, Inc.*, 847 F.2d 335, 339 (6th Cir. 1988). If that burden is met, then the party objecting to disclosure must prove that the documents were created in anticipation of litigation. It may meet its burden by submitting affidavits, depositions or answers to interrogatories. *Id*. An affidavit supporting a claim of work product privilege "must be specific and detailed" and cannot rely on conclusory statements. *U.S. v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006). If the objecting party fails to support its claim of privilege with evidence, then the documents may be ordered to be disclosed. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 382 (6th Cir. 2009).

Work product privilege will only apply if "(1) … a document was created ***because of*** a party's subjective anticipation of litigation, as contrasted with ordinary business purpose, and (2) … that subjective anticipation of litigation was objectively reasonable." *Roxworthy*, 457 F.3d at 594 (emphasis added). To determine whether the first requirement is met, the Court must consider the "driving force" behind the document's

creation and the purpose that it serves. *Id*. at 595. The Court "must examine not only the documents themselves, but the circumstances surrounding the documents' creation." *Id*.

If the objecting party shows that documents were created in anticipation of litigation, then the requesting party must demonstrate substantial need and undue hardship. *Biegas*, 573 F.3d at 339-40. If the Court orders the disclosure of materials protected by the work product privilege, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

## II.  FACTS AND ANALYSIS

The documents that remain at issue are described and addressed below.

### A. Employee emails that seek information related to Plaintiff's allegations

Four documents consist of email communications among three of Defendant's employees that include (and respond to) one of the employee's requests for additional information related to Plaintiff's allegations in this case. The documents do not, on their face, state that the information was requested by Defendant's attorneys. No attorney is copied on the communications. On its privilege log, Defendant asserted the attorney-client privilege and the work product privilege. Now, however, Defendant clarifies that it is only asserting the work product privilege. (Doc. No. 64, PageID #1009.)

Defendant did not submit a declaration, affidavit, or other admissible evidence to support its claim of privilege. However, Defendant did provide a copy of its Response to the EEOC Request for Information ("Response to EEOC Request," Doc. 64-2, PageID #1022-25) and argued that the documents at issue were created to prepare the Response.

3

Defendant correctly states that the information described in these documents is contained in its Response to EEOC Request. Because that Response is undated, the Court cannot evaluate Defendant's claim that it submitted the Response shortly after these documents were created. Nevertheless, the content and context of these documents establish that their driving purpose was to assist with preparing the Response.

The Court therefore holds that these four documents are protected from discovery by the work product privilege. *See Green v. The Kroger Co.*, Case No. 4:20-cv-1328, 2022 U.S. Dist. LEXIS 66281 (S.D. Tex. Apr. 11, 2022) (holding that the work product privilege applied to documents created while preparing defendant's EEOC Position Statement) (citing cases). Further, because the information in these documents was disclosed in the Response, Plaintiff cannot demonstrate a substantial need for them. Accordingly, the Motion is DENIED with respect to these documents.

### B. Employee emails discussing Plaintiff's Position Interest form

Six documents consist of email communications between two of Defendant's employees regarding Plaintiff's submission of a Position Interest form. No attorney is copied on the communications. Defendant asserts the work product privilege.

#### 1. *The first three documents*

The first three documents do not contain any reference to Defendant's attorneys, the pending EEOC charge, or litigation. Instead, these emails focus solely on the fact that Plaintiff submitted a Position Interest form.

Defendant did not submit any evidence, such as an affidavit, that explains and supports its claim of work product privilege. Instead, Defendant argues that the

documents are not relevant because they post-date the events at issue. (Doc. No. 64, PageID #1011.) In response, Plaintiff argues that the documents are relevant because they go to the credibility of Defendant's witnesses and Defendant's intentions with respect to its legal obligations. (Doc. No. 67, PageID #1158.)

Absent evidence that supports Defendant's claim of work product privilege, the Court must base its analysis on the content and context of the documents. Based on its review, the Court concludes that these documents were created for ordinary business purposes and not in anticipation of litigation. The Court is also persuaded that they are relevant to this action. Accordingly, the Motion to Compel is GRANTED with respect to these documents. Defendant is **ORDERED** to produce the following documents on the privilege log to Plaintiff:

   9/6/2018 @ 12:03 p.m. – Email from Doherty to Wayman

   9/6/2018 @ 12:06 p.m. – Email from Wayman to Doherty

   9/6/2018 @ 12:16 p.m. – Email from Doherty to Wayman

  2. *<u>The last three documents</u>*

The last three documents discuss setting up communications with Defendant's attorney. Again, Defendant failed to provide evidence supporting its claim of work product privilege. However, based upon the content and context of these emails, the Court finds that the driving force behind their creation was the anticipation of litigation rather than ordinary business purposes. The Court further finds that Plaintiff does not have a substantial need for the documents. Accordingly, the Motion to Compel is DENIED with respect to these documents.

### C. Employee emails discussing the termination of Plaintiff's employment

Four documents consist of email communications between two of Defendant's employees regarding Defendant's termination of Plaintiff's employment. No attorney is copied on the communications. Defendant asserts the work product privilege.

These documents do not contain any reference to Defendant's attorneys, the pending EEOC charge, or litigation. Defendant did not submit any evidence, such as an affidavit, that sets forth a specific and detailed explanation of its claim of work product privilege. Instead, Defendant makes a conclusory argument that the employees knew about the pending EEOC charge, and the possibility of another charge, when they wrote the emails. (Doc. No. 64, PageID #1012.)

Absent evidence that supports Defendant's claim of work product privilege, the Court must base its analysis solely on the content and context of the documents. Based on its review, the Court concludes that these documents were created for ordinary business purposes and not in anticipation of litigation. Accordingly, the Motion to Compel is GRANTED with respect to these documents. Defendant is **ORDERED** to produce the following documents on the privilege log to Plaintiff:

      9/24/2018 @ 10:41 a.m. – Email from Doherty to Wayman

      9/24/2018 @ 1:32 p.m. – Email from Wayman to Doherty

      9/24/2018 @ 1:47 p.m. – Email from Doherty to Wayman

      9/24/2018 @ 1:48 p.m. – Email from Wayman to Doherty

### III. CONCLUSION

The Motion to Compel (Doc. No. 44) is GRANTED IN PART and DENIED IN PART. Defendant is **ORDERED** to produce these documents on the privilege log:

9/6/2018 @ 12:03 p.m. – Email from Doherty to Wayman

9/6/2018 @ 12:06 p.m. – Email from Wayman to Doherty

9/6/2018 @ 12:16 p.m. – Email from Doherty to Wayman

9/24/2018 @ 10:41 a.m. – Email from Doherty to Wayman

9/24/2018 @ 1:32 p.m. – Email from Wayman to Doherty

9/24/2018 @ 1:47 p.m. – Email from Doherty to Wayman

9/24/2018 @ 1:48 p.m. – Email from Wayman to Doherty

**IT IS SO ORDERED.**

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge